**UNITED STATES of America**

v.

**Vutha KAO a/k/a/ "Tommy"**

**Vutha Kao, Appellant.**

**United States of America**

v.

**Jeremy Warren, a/k/a Doug,**

**Jeremy Warren, Appellant.**

**Nos. 08–3852, 08–4076.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) Dec. 15, 2009.

Opinion Filed Jan. 14, 2010.

Robert J. Livermore, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Thomas B. Bellwoar, Esq., John A. Disantis, Esq., West Chester, PA, for Appellant.

Before: SLOVITER, JORDAN and WEIS, Circuit Judges.

## OPINION

WEIS, Circuit Judge.

A Pennsylvania State trooper stopped a sport utility vehicle occupied by defendant Vutha Kao, the driver, and defendant Jeremy Warren, the passenger, for exceeding the speed limit. As he approached the defendants' automobile, the trooper observed inside several large opaque bags, an obscured box, empty cans of energy drink, and multiple cell phones. He obtained a driver's license from a nervous Kao, who claimed not to possess the SUV's registration and insurance information because the SUV had been rented by Warren's girlfriend, and then secured Warren's identification.

The trooper returned to his patrol car, discovered that Warren had given him a fraudulent identification card, and went back to the SUV to issue Kao a warning. After receiving the admonition, Kao was told that he "was free to go[,]" but, prior to

leaving, agreed to answer some additional questions. The questioning complete, the trooper noticed the muzzle of a firearm protruding from a compartment underneath Warren's seat.

Both defendants were removed from the SUV and handcuffed. The trooper subsequently obtained and executed a search warrant for the vehicle, recovering the firearm, ammunition, and a box containing a large amount of pills.

Defendants were tried jointly, and a jury convicted them of conspiracy to distribute approximately 60,000 MDMA ("ecstacy") pills in violation of 21 U.S.C. § 846, possession of around 45,000 ecstacy pills with the intent to distribute them in contravention of 21 U.S.C. § 841, possession of a firearm by a convicted felon in breach of 18 U.S.C. § 922(g), and possession of a "short-barreled rifle" in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). The District Court sentenced each defendant to, among other things, 360 months imprisonment and supervised release for five years.

Defendants have appealed, and their cases have been consolidated. They first contend that the District Court erred in denying their motions to suppress. According to defendants, the legitimate purpose for the traffic stop ended when the trooper issued Kao a warning, and the trooper's subsequent inquiries and actions, which extended the duration of the encounter, constituted an unlawful seizure under the Fourth Amendment.

■ We disagree. The inquiries were proper. *See Arizona v. Johnson,* — U.S. ——, ——, 129 S.Ct. 781, 788, 172 L.Ed.2d 694 (2009) ("[a]n officer's inquiries into matters unrelated to the justification for the traffic stop ... do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop"). In addition, the trooper's observa-

tions and discovery of Warren's false identification justified detaining defendants and their vehicle until the trooper observed the firearm. *See United States v. Givan,* 320 F.3d 452, 458 (3d Cir.2003) (after a lawful traffic stop, "an officer who develops a reasonable, articulable suspicion of criminal activity may expand the scope of an inquiry beyond the reason for the stop and detain the vehicle and its occupants for further investigation"). The District Court did not err in denying the defendants' motions to suppress.

■ Defendants next argue that the District Court should not have admitted evidence from cooperating witnesses that they had, on a previous occasion, traveled to North Carolina to collect money defendants owed them from a prior consignment of ecstacy pills. The District Court indicated that the cooperating witnesses' testimony was evidence of a common scheme or plan. *See* Fed.R.Evid. 404(b) (evidence of prior crimes admissible to show, among other things, "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident"). It also was evidence that defendants knew what they were carrying in the SUV on the day they were arrested. We find no abuse of discretion in the District Court's admission of that evidence. *See Givan,* 320 F.3d at 463.

■ Defendants lastly assert that they were minor participants in a large-scale drug trafficking operation and should have been given less severe sentences. The evidence, however, was that there were approximately 45,000 ecstacy pills in the van, defendants knew that a large shipment was involved, and they were not simply one-time, outside "mules." In fact, both defendants were career criminals. The District Court weighed all of the evidence and was in a position to evaluate the defendants' complicity. We find no clear

error in the sentencing judge's decision to deny minor participation status to the defendants pursuant to U.S.S.G. § 3B1.2. *See United States v. Carr,* 25 F.3d 1194, 1207 (3d Cir.1994) (where "defendant takes issue with [a] district court's denial of a reduction for being a minimal or minor participant which was based primarily on factual determinations, we review only for clear error").

Accordingly, the judgments of the District Court will be affirmed.